# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 27, 2012

143419-22 & (103)

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

JOHN M. CHASE, JR. and MELVIN D.
JEFFERSON as Personal Representatives
for the Estate of ROSA LOUISE PARKS,
      Petitioners-Appellees,

v

RAYMOND AND ROSA PARKS INSTITUTE
FOR SELF-DEVELOPMENT and ELAINE
STEELE,
      Respondents-Appellants,

and

SYLVESTER JAMES MCCAULEY, DEBORAH
ANN ROSS, ASHEBER MACHIRIA, ROBERT
DUANE MCCAULEY, MARY YVONNE
TRUSEI, ROSALIND ELAINE BRIDGEFORTH,
RHEA DARCELLE MCCAULEY, SUSAN DIANE
MCCAULEY, SHIRLEY MCCAULEY JENKINS,
SHEILA GAYE KEYS, RICHARD MCCAULEY,
WILLIAM MCCAULEY, CHERYL
MARGUARITE MCCAULEY, SYLVESTER
MCCAULEY III, LONNIE MCCAULEY, and
URANA MCCAULEY,
      Respondents-Appellees.

SC: 143419-22
COA: 293897; 293899;
      296294; 296295
Wayne PC:    2005-698046-DE;
          2006-707697-TV

_____/

      By order of December 29, 2011, the Wayne County Probate Court was instructed to implement Paragraph 1 of the Settlement Agreement within thirty days of the date of the order, or report to this Court within that time why it was not "practicable" to do so. By letter dated January 13, 2012, the probate court responded, stating that the reinstatement of Elaine Steele and Adam Shakoor as co-personal representatives and co-

trustees of the will and trust, respectively, was not practicable. The court based its conclusion on past disagreements between the court and Elaine Steele, the Rosa Parks Institute, and their counsel; the decision in *In re Estate of Rosa Louise Parks*, unpublished opinion per curiam of the Court of Appeals, issued March 19, 2009 (Docket Nos. 281203, 281438, 281204, 281437), which affirmed the 2007 reappointment of the fiduciaries selected by the court to replace Elaine Steele and Adam Shakoor; and certain issues concerning the propriety of the conduct of counsel for Elaine Steele and the Institute and his dealings with clients and in reporting to the court.

Despite the concerns of the probate court, that court's prior rulings resolving past disagreements between the court and Elaine Steele, the Institute, and their counsel, are undisturbed by this Court's December 29, 2011 Order, except insofar as they are inconsistent with this Court's Order, and thus pose no obstacle to implementing Paragraph 1 of the Settlement Agreement. The prior decision of the Court of Appeals affirming the court's 2007 decision to overrule the objections of Elaine Steele and the Institute to the fee requests of the fiduciaries then serving, and the renewal of their letters of authority, likewise poses no obstacle to implementation of this Court's Order. Finally, this Court's Order in no way hinders the probate court's ability to address, on its own motion or the motion of any party, as appropriate, any matters other than those specifically addressed and disposed of in that Order, including those cited by the court in its letter.

Therefore, on order of the Court, we DIRECT the Wayne County Probate Court to proceed within 28 days of the date of this order with implementing Paragraph 1 of the Settlement Agreement, as directed in this Court's December 29, 2011 Order, by reinstating Elaine Steele and Adam Shakoor as co-personal representatives and co-trustees of the Will and Trust, respectively.

We further ORDER that the motion for reconsideration of this Court's December 29, 2011 Order is DENIED, because it does not appear that the order was entered erroneously.

MARILYN KELLY, J., would grant reconsideration.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 27, 2012

_____
Clerk

p0125